**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Tavorice Damontay Smith,

             Plaintiff,

vs.

Experian Information Solutions, Inc., *et al.*,

             Defendants.

Case No. 2:26-cv-01166-GMN-MDC

**ORDER GRANTING MOTION TO AMEND (ECF NO. 14)**

Pending before the Court is *pro se* plaintiff's *Motion to Amend* ("Motion") (ECF No. 14) his Complaint. For good cause shown and because it is unopposed, the Court **GRANTS** the Motion.

**DISCUSSION**

Plaintiff alleges claims under the Fair Credit Reporting Act. *ECF No. 1*. On May 14, 2026, defendant Transunion LLC filed a *Motion to Dismiss* ("Dismiss Motion") (ECF No. 12). On May 22, 2026, plaintiff filed his Motion seeking to amend his Complaint in response to defendant Transunion LLC's Dismiss Motion. *ECF No. 14*. Defendants did not file any oppositions to the request.

Plaintiff requests to amend his Complaint under Fed. R. Civ. P. 15(a)(2). *ECF No. 14*. Generally, a party may amend its pleadings "as a matter of course" within 21 days of serving it or within 21 days after service of a responsive pleading under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, amendments are only permitted "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 provides that "[t]he court should freely give leave when justice so requires." *Id.* Generally, the Ninth Circuit has held that Rule 15(a) should be "applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (citing *Johnson v.*

*Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)); *see also Eminence Capital, LLC,* 316 F.3d at 1052 ("undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.") (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits, rather than on the pleadings or technicalities." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Ultimately, there is considerable deference to amendment and the analysis "should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc*., 170 F.3d 877, 880 (9th Cir. 1999).

The Court grants the Motion for several independent reasons.  First, plaintiff is entitled to file his Proposed Amended Complaint per Fed. R. Civ. P. 15(a)(1), which allowed plaintiff to amend as a matter of course within 21-days after service of defendant Transunion LLC's Rule 12(b) motion to dismiss. The Court also grants the Motion per Local Rule 7-2(d) because defendants did not oppose. That rule provides, in part: "The failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion." *Id.*  The Court also grants the Motion for good cause shown. There is no apparent bad faith or undue delay in the Motion. The amendments do not appear to prejudice plaintiff. The amendments do not appear to be futile. This would be the first time that defendant would have leave of the Court to amend his Complaint.

//

//

//

//

//

2

ACCORDINGLY,

**IT IS ORDERED that:**

1. Plaintiff's *Motion to Amend* (ECF No. 14) is **GRANTED**.

2. Plaintiff shall file the proposed amended Answer by no later than **June 18, 2026**.

DATED: June 10, 2026.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

### **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to Local Rule IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.