UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| **TAVORICE DAMONTAY SMITH,**<br>**Plaintiff,**<br>**v.**<br>**EXPERIAN INFORMATION SOLUTIONS, INC. and TRANS UNION LLC,**<br>**Defendants.** | **Case No.** 2:26-cv-01166-GMN-MDC<br><br>JOINT DISCOVERY PLAN AND SCHEDULING ORDER |

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, Plaintiff Tavorice Damontay Smith, proceeding pro se, and Defendants Experian Information Solutions, Inc. and Trans Union LLC submit the following Joint Discovery Plan and Scheduling Order. The parties conducted their Rule 26(f) conference on September 17, 2026.

Plaintiff requests special scheduling review because the September 17, 2026 Rule 26(f) conference occurred after certain deadlines under Defendants' proposed LR 26-1(b) schedule had passed or become imminent. Defendants do not join that request; their position is set forth below.

**1. Discovery Cutoff.**

**Plaintiff's Position:**

Plaintiff proposes March 16, 2027 as the discovery cutoff, allowing a workable period following the September 17, 2026 Rule 26(f) conference should discovery proceed.

**Defendants' Position:**

Experian proposes a discovery deadline of November 9, 2026, which is 180 days after the first defendant answered or otherwise appeared pursuant to Local Rule 26-1(b)(1). All discovery must be completed by this date. Trans Union agrees with this proposal.

**2. Subjects of Discovery.**

**Plaintiff's Position:**

Discovery may include matters concerning Plaintiff's consumer credit files and reports; Plaintiff's disputes; the investigation and reinvestigation of disputed information; communications concerning Plaintiff's disputes; communications with furnishers and other sources; verification of disputed accounts and public-record information; policies, procedures, and practices relevant to the handling of Plaintiff's disputes; electronically stored information; damages; and the parties' respective claims, defenses, and affirmative defenses.

**Defendant Trans Union's Position:**

Trans Union anticipates serving written discovery on the Plaintiff. Based on what is presently known, Defendant Trans Union anticipates conducting discovery on the following: the facts and circumstances surrounding the allegations in Plaintiff's Complaint, the accuracy of account(s) at issue in Plaintiff's Complaint, communications between Plaintiff and the Defendants, reinvestigations conducted by the Defendants, communications between Plaintiff and his creditors, the facts and circumstances surrounding Plaintiff's alleged damages, Plaintiff's failure to mitigate his alleged damages, causation relating to Plaintiff's alleged damages, the facts and circumstances surrounding Plaintiff's alleged adverse credit action, Plaintiff's credit history and usage, the facts and circumstances surrounding any third parties who have allegedly received or reviewed Plaintiff's consumer report; and any other issues raised by the pleadings or discovery.

Trans Union proposes that each party be limited to serving 50 Requests for Admissions and 50 Requests for Production of Documents on any other party.

**Defendant Experian's Position:**

Experian anticipates serving written discovery on Plaintiff. Although discovery remains ongoing, Defendant Experian anticipates conducting discovery on the following: the facts and circumstances surrounding Plaintiff's Complaint, the accuracy of account(s) at issue in Plaintiff's Complaint, communications between Plaintiff and the Defendants, reinvestigations conducted by the Defendants, communications between Plaintiff and his creditors, the facts and circumstances surrounding Plaintiff's alleged damages, Plaintiff's failure to mitigate his alleged damages, causation relating to Plaintiff's alleged damages, the facts and circumstances surrounding Plaintiff's alleged adverse credit action, Plaintiff's credit history and usage, the facts and circumstances surrounding any third parties who have allegedly received or reviewed Plaintiff's consumer report, and any other issues raised by the pleadings or discovery. Experian proposes that each party be limited to serving 50 Requests for Admission and 50 Requests for Production of Documents on any other party.

**3. Rule 26(a)(1) Initial Disclosures.**

**Plaintiff's Position:** Plaintiff proposes that the parties promptly exchange the disclosures required by Rule 26(a)(1), subject to any order on the pending Motion to Stay.

**Defendants' Position:** The parties shall exchange the disclosures required by Federal Rule of Civil Procedure 26(a)(1) within fourteen (14) days of the entry of this Scheduling Order, unless otherwise ordered by the Court.

**4. Amendments to Pleadings and Addition of Parties.**

**Plaintiff's Position:** Plaintiff proposes December 16, 2026 as the deadline to amend pleadings or add parties, should discovery proceed.

**Defendants' Position:** Motions to amend the pleadings or add parties must have been filed on or before August 10, 2026 pursuant to Local Rule 26-1(b)(2).

**5. Expert Disclosures.**

**Plaintiff's Position:** Plaintiff proposes January 15, 2027 for initial expert disclosures and February 16, 2027 for rebuttal expert disclosures, should discovery proceed.

**Defendants' Position:** Initial expert disclosures under Federal Rule of Civil Procedure 26(a)(2) and pursuant to Local Rule 26-1(b)(3) must have been served on or before September 9, 2026. Rebuttal expert disclosures shall be made on or before October 9, 2026.

**6. Dispositive Motions.**

**Plaintiff's Position:** Plaintiff proposes April 15, 2027 as the dispositive-motion deadline, 30 days after Plaintiff's proposed discovery cutoff.

**Defendants' Position:** Dispositive motions shall be filed on or before December 8, 2026, which is 30 days after the proposed discovery cutoff pursuant to Local Rule 26-1(b)(4).

**7. Joint Pretrial Order.**

**Plaintiff's Position:** Plaintiff proposes May 17, 2027 as the Joint Pretrial Order deadline. If dispositive motions are filed, Plaintiff proposes suspending that deadline until 30 days after their disposition, unless otherwise ordered.

**Defendants' Position:** The Joint Pretrial Order shall be filed on or before January 7, 2027, pursuant to Local Rule 26-1(b)(5). If dispositive motions are filed, the deadline for the Joint Pretrial Order shall be suspended until 30 days after decision on the dispositive motions or as otherwise ordered by the Court.

**8. Written Discovery Limitations.**

The parties stipulate that each party be limited to serving 50 Requests for Admissions and 50 Requests for Production of Documents on any other party. This stipulation does not alter other discovery limits imposed by the Federal Rules of Civil Procedure unless expressly stated.

**9. Electronically Stored Information.**

**Plaintiff's Position:** Plaintiff anticipates discovery of electronically stored information relevant to the claims and defenses, including electronic records concerning disputes, reinvestigations, communications with furnishers or other sources, verification records, and other relevant electronically maintained information. Plaintiff proposes that the parties confer as necessary regarding reasonably usable production formats and preservation of relevant metadata where appropriate.

**Defendants' Position:**

Defendants do not anticipate any ESI preservation issues. Defendants do not believe that this case is suitable for discovery of electronically stored information in native format, but state that production of any relevant electronically stored information in hard copy or electronic format (PDF or other similar means) has been sufficient in prior similar FCRA cases.

Based on the nature of this case, Defendants believe that producing ESI in a reasonably usable format (e.g., hard copy or .pdf) is appropriate and proportional to the needs of the case. Once the parties have had the opportunity to review such documents, they may confer regarding any additional exchange or production that the parties believe is necessary. The parties further agree that, should the need arise, they will work together in a good faith attempt to resolve any disagreement about ESI without the need for judicial intervention, to the extent practicable.

Trans Union believes there may be a need for discovery in this case to be governed by a protective order. If the parties agree concerning the need for, and scope and form of, such a protective order, Plaintiff and Trans Union will confer and then submit a jointly proposed protective order to the Court at such time. If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party seeking such an order shall file an appropriate motion and supporting memorandum.

The parties are not seeking documents or information protected by privilege or otherwise exempted from discovery under the Federal Rules of Civil Procedure or other laws.

If information or documents are withheld on privilege grounds in response to interrogatories or requests for production, the parties will confer concerning the scope of the requests, any appropriate limitations, and the need for privilege logs.

**10. Preservation.**

The parties acknowledge their obligations to preserve discoverable information relevant to the claims and defenses in this action.

**11. Defendants' Proposed Stay of Discovery.**

**Defendants’ Position:**

Trans Union filed its Motion to Stay Action Pending Ruling on its Motion to Dismiss on September 22, 2026 (ECF No. 32). Experian filed its Notice of Joinder in Trans Union’s Motion to Stay on September 24, 2026 (ECF No. 33).

Accordingly, Defendants request that discovery be stayed pending the outcome of Trans Union’s Motion to Dismiss.

**Plaintiff’s Position:** Plaintiff opposes the requested stay and does not stipulate to a stay of discovery. Plaintiff maintains that discovery should proceed unless and until the Court orders otherwise and will address the pending stay request through the applicable briefing process.

**12. Electronic Evidence.**

Because Plaintiff has demanded a jury trial, the parties discussed the potential presentation of evidence in electronic format to jurors for purposes of jury deliberations. The parties will meet and confer regarding any necessary stipulations concerning electronic evidence in accordance with LR 26-1.

The parties anticipate a reasonable possibility of obtaining admissions of facts and authenticity of documents. The parties will work together in good faith to obtain admissions of fact and stipulations regarding documents, electronically stored information, or things that will avoid unnecessary proof, as well as stipulations regarding the authenticity of documents, electronically stored information, or things. At this time there does not appear to be a need for advance rulings on admissibility of evidence.

**13. Rule 26(a)(3) Disclosures.**

The disclosures required by Federal Rule of Civil Procedure 26(a)(3), and any objections thereto, shall be included in the Joint Pretrial Order unless otherwise ordered by the Court.

**14. Discovery Disputes.**

The parties will comply with the Federal Rules of Civil Procedure, the Local Rules of this Court, and any applicable chambers procedures concerning discovery disputes and meet-and-confer requirements.

**15. Special Scheduling Review — Parties' Respective Positions.**

**Plaintiff's Position:** Plaintiff requests special scheduling review because the September 17, 2026 Rule 26(f) conference occurred after certain deadlines under Defendants' proposed LR 26-1(b) schedule had passed or become imminent. Plaintiff seeks the prospective deadlines above should discovery proceed.

**Defendants' Position:** Defendants do not join Plaintiff's request for special scheduling review and propose the ordinary LR 26-1(b) dates identified above. Defendants separately request a stay through ECF Nos. 32 and 33.

**16. Electronic Service.**

The parties agree that pursuant to Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email to the email addresses designated by the receiving parties in writing (or any updated address subsequently provided in writing). The format to be used for attachments to any email message shall be Microsoft Word (.doc or .docx) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

DATED: October 5, 2026.

________________________________________

Tavorice Damontay Smith

Plaintiff, Pro Se

Approved as to form and content:

/s/ Inku Nam ________________________________________

INKU NAM
Nevada Bar No. 12050
O'HAGAN MEYER PLLC
300 S. 4th Street, Suite 1250
Las Vegas, Nevada 89101
Tel. 725.286.2801

*Counsel for Experian Information Solutions, Inc.*

*/s/ Leoncio A. Gil, III (with permission)*

LEONCIO A. GIL, III
Nevada Bar No. 13129
leon.gil@qslwm.com
QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.
5801 Tennyson Parkway, Suite 440
Plano, Texas 75024
Telephone: (214) 560-5458
Fax: (214) 871-2111

*Counsel for Defendant Trans Union LLC*

**ORDER**

The Court has considered the parties' competing proposals. **IT IS ORDERED** that the following deadlines shall apply:

Initial Disclosures must be served by November 13, 2026;

Discovery cutoff is March 16, 2027;

Deadline to amend pleadings is December 16, 2026;

Deadline for Initial Experts is January 15, 2027;

Deadline for Rebuttal Experts is February 16, 2027;

Deadline for Dispositive Motions is April 15, 2027; and

Deadline for Joint Pretrial Order is May 17, 2027.

**IT IS FURTHER ORDERED** that if dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order.

**IT IS FURTHER ORDERED** that disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections to them must be included in the joint pretrial order.

**IT IS FURTHER ORDERED** that each party is limited to serving 50 Requests for Admissions and 50 Requests for Production of Documents on any other party.

**IT IS FURTHER ORDERED** that the parties shall meet and confer regarding the format of production of any electronically stored information.

**IT IS FURTHER ORDERED** that any discover disputes must be resolved according to Judge Couvillier's 04/16/26 Standing Order (ECF No. 1).

**IT IS FURTHER ORDERED** that the Court will address separately and in due course the pending Motion to Stay (ECF No. 32).

IT IS SO ORDERED.

______________________________
Hon. Maximiliano D. Couvillier, III
UNITED STATES MAGISTRATE JUDGE

DATED: October 29, 2026